# McIntire *vs.* Marden.

Where, in replevin, the defendant avowed the taking of the cattle, as damage feasant *in his enclosure*, without any farther specification of title, it was *held* to be a sufficient setting forth of title to justify a taking, within the provisions of our statute.

Where the notice given to the defendant stated that the cattle broke and entered the defendant's enclosure, and did damage on Friday, the 21st instant, and on various days previous, and the damage was appraised at twenty-five dollars—*held*, that the notice was bad, as the cattle were detained, and the damage was appraised for more than one breaking, and the detention was therefore illegal and the appraisal void.

REPLEVIN of two cows, property of the plaintiff. The defendant plead the general issue, with a brief statement, alleging that the said cows were taken damage feasant in his enclosure, and had been impounded by him; and that he had taken the proper measures of notice, appraisal, &c., under the statute, and claimed a return of the cows.

It appeared in evidence, that the defendant was in possession of a cornfield, of five or six acres in extent, which was part of the southerly half of lot No. 7, in the 7th range of lots in Jefferson; that he had caused the same to be ploughed, enclosed by a fence, and planted with corn; and that on the 21st of July, 1837, the plaintiff's cows broke through the bars in the cornfield, and were there taken doing damage, and were impounded by the defendant. The fence around said field was made of brush and poles, and was in some places low, but was thought by the witnesses to be sufficient to turn cattle from the field.

The defendant offered no other evidence of title in the premises than as above. The evidence was objected to, but was ruled by the court to be sufficient. It appeared that the plaintiff was the owner of lot No. 8, which was occupied by him as a pasture for said cows, and adjoined No. 7; that there was no fence betwixt said lots, and that the cows escaped from lot No. 8 on to No. 7, and from thence entered

the close occupied by the defendant. The plaintiff offered evidence, shewing that the title to No. 7 was in Reuben Stephenson, and that the enclosure where the cattle were taken was his soil and freehold; but he did not connect himself in any manner with said Stephenson; and this evidence was rejected, as immaterial.

After the impounding, it was in evidence that a notice was duly served on the plaintiff of the taking and impounding of said cattle, dated July 22d, 1837, which notice was as follows:

" Mr. Emmons S. McIntire : I hereby notify you that I, ' Aaron F. Marden, of Jefferson, in the county of Coos, and ' state of New-Hampshire, joiner, owning and being pos- ' sessed of a certain lot of land in said Jefferson, on which ' was growing a number of acres of corn, surrounded by a ' good and sufficient fence; and that on Friday, the 21st ' instant, and on various days previous, two cows, to you ' belonging, broke into said field of corn, and damaged the ' same to the amount of twenty-five dollars. One of said ' cows was of a brown color; the other a deep red. Said ' cows are now in the pound in said Jefferson. The expen- ' ses incurred are eight cents for impounding, six cents for ' pound fee, twelve cents for feeding said cows, and twenty- ' five cents for this notice.          Aaron F. Marden."

" Jefferson, July 22, 1837."

To this notice the plaintiff objected, for the reason that it did not describe the place where, or the time when, the damage was done, it being alleged to be done with a *continuando*, but said notice was admitted.

Verdict was taken for the defendant, and the plaintiff moved to set the same aside, on the ground of improper evidence of title in the defendant, and insufficient notice, as objected to aforesaid; and it was agreed that judgment should be entered for the plaintiff, if the court should so direct.

*Wells*, for the plaintiff, contended,

I. The defendant, by his brief statement, or avowry, al-

leges that the cows in question were taken damage feasant on his land.

In avowries for distress taken damage feasant, more certainty is necessary than in a justification in trespass, as the defendant cannot in the former rely on mere possession of the *locus in quo*, but must state his title. 10 *Johns.* 369, *Hopkins* vs. *Hopkins;* 1 *ditto* 380, *Harrison* vs. *McIntosh;* 1 *Saund.* 195; *ditto* 346, *c, note* 2 & 3; 1 *Chit. Pl.* 163; *ditto* 577; 2 *Bos. & Pul.* 359.

In avowries the commencement of particular estates must be shewn, as that such a one was seized in fee, and demised, &c., that the estate out of which it was derived may appear sufficient to support it; because the seizin in fee may be traversed, and any of the mesne assignments are traversable. 1 *Brown's Ca. in Parliament* 525, *Dally* vs. *Silby*.

In *Hopkins* vs. *Hopkins*, Kent, Chief Jus., says, "the 'avowry is clearly bad, because the avowant does not set forth 'his title, or allege the estate of which he was seized; he 'avows only that he was lawfully possessed of the close, 'which is not enough by the rules of the common law." We, therefore, say it was incumbent on the defendant to show some right in the *locus in quo*, before he had authority to impound the plaintiff's cows.

II. The notice given to the plaintiff was altogether defective.

1. It does not describe *the place where* the damage was done. It says the plaintiff's cows broke into a certain lot of land belonging to the defendant, in Jefferson, but *what lot*, or *where located* in Jefferson does not appear. Uncertainty of description in such case is held to be void. 2 *Bos. & Pul.* 257, *Dacosta* vs. *Clark*.

The statute requires that the person impounding creatures shall, within twenty-four hours from the time of impounding, cause to be delivered to the owner, or left, &c., a notification in writing, which shall certify, 1st, the damage done; 2d, describe the creatures that did it; 3d, the time when,

and place where it was done ; 4, the sum at which he estimates such damage ; and 5, the amount of charges and fees.

2. It does not describe *the time when* the damage was done. It says on Friday, the 21st inst., and *on various other days previous*, two cows to you belonging, broke into said field of corn. The right to impound the cows was restricted to the damage done on Friday, and cannot extend to former trespasses. The impounding as alleged was for other damage than what was done on Friday, and is therefore illegal.

*Williams*, for the defendant.

UPHAM, J. The authorities cited by the counsel show the rule as to pleading an avowry at common law. It is not sufficient, in such case, to state, as in trespass, that the defendant was *lawfully possessed*, but it is necessary to set forth the nature of the defendant's title to the *locus in quo*. 1 *Saund.* 347 ; 2 *Bos. & Pul.* 359 ; *Wilson on Replevin* 59 ; though it is said that if the avowry be made by a freeholder, it will be sufficient to allege generally, that the close was his soil and freehold, without specifying his particular interest or estate. *Bac. Ab., Replevin,* 22.

This rule of pleading is an exception to other cases depending on similar principles, and rests on mere authority in matter of form. Our statute, however, we think has clearly superseded any technical rule of this description, and renders it merely incumbent on the defendant to allege and show in evidence that the cattle taken " were found damage feasant in *the defendant's enclosure.*"

The statute designs to protect such enclosure, whether on the defendant's own land or not, against the depredations of the cattle of all persons other than the true owner of the soil. The possessory right of such enclosure is a sufficient title against any mere wrong doer, by himself or cattle. We are, therefore, of opinion that the statement in the avowry,

that the cattle were found damage feasant in the defendant's enclosure, together with the evidence of the defendant's possession, as shown in the case, is all that is required.

The second objection is more formidable. The authority to take cattle, for the purpose of impounding them, is confined exclusively to cattle doing damage *at the time of the taking,* and the defendant is to notify the plaintiff within twenty-four hours, of the amount of such damage, and the time when and place where it was done.

It is perfectly clear that a taking for any prior damage is unlawful. The remedy given by statute is for actual aggression at the time ; and if the remedy is not then enforced, redress is to be sought by some other process.

The defendant in this case took the cattle, not only for injury done at the time, but for various other breaches of his close. This was clearly unlawful. The statute provides that " in all cases the damages to be estimated to the ' party impounding shall only be that which hath been done ' by such creatures the last time of their being in the enclos- ' ure of the person impounding, and not any damage the ' same creatures may have done previous thereto ;" (1 *N. H. Laws* 208) and the notice is to be given in conformity to this provision.

The specific damage done on Friday, the 21st of July, was all that the defendant could claim in this case ; but his damage claimed for this and various previous breaches is entire, so that in fact no specific damage is notified as having been done on that day ; and the statute requiring notice of such damage is not complied with.

As this is a mere statutory remedy, the provisions of the statute must be strictly conformed to, or the individual impounding will be either a trespasser *ab initio*, as is holden by many authorities, or at least under our statute his subsequent detention of the property will be unlawful, and will justify a recovery in replevin. 3 *N. H. R.* 183, *Kimball* vs. *Adams ;* 1 *ditto* 36, *Brown* vs. *Smith.*

The proceedings in this case were not in conformity to the statute, and there must be, according to the agreement of of the parties, *Judgment for the plaintiff.*